## (December 15, 1953.)

■

Hugh K. Bennett, Appellant, v. Shamuel Shamilzadeh, Respondent and Third-Party Plaintiff-Respondent. Hugh K. Bennett et al., Third-Party Defendants-Appellants.

*Per Curiam.* The' judgment appealed from awarded respondent, exclusive of interest and costs, a recovery on three of his claims; (1) the sum of $37,501.58 as the balance due to respondent on 500 cases of opium delivered to Merck & Co.; (2) the sum of $12,000 posted by respondent as a guarantee for nondelivery of the 750 case lot, which money was appropriated by appellants; (3) the sum of $37,500 as damages for malicious interference by appellants with the rights of respondent under a contract which he allegedly had with the Iranian Opium Monopoly.

There is no dispute that there is a balance due respondent on the 500 case lot. However, the amount found due appears to have been incorrectly calculated. This item should have been computed in the sum of $36,501.58 and not $37,501.58.

It is our view, too, that the judgment is erroneous insofar as it allows damages of $37,500, to respondent for alleged malicious interference by appellants with the contract rights of respondent under a contract which he allegedly had with the Iranian Opium Monopoly for the sale and delivery to him of the 750 case lot. The judgment in this respect is not warranted because respondent failed to establish that he actually had such a contract with the monopoly. Without satisfactory proof of such agreement, there was no basis for the damages allowed for the alleged interference with it.

Appellants collected and retained $12,000, at the rate of $16 per case on respondent's guarantee against nondelivery of the 750 cases. The trial court's determination that appellants were not entitled to appropriate this money as a guarantee against nondelivery of the 750 cases is fully waranted by the evidence. There is ample proof to support the court's findings that appellants were acting as the agents of respondent in the transaction and that as such they were remiss in their duty to respondent by depriving respondent of the full time allowed by the buyer for delivery by respondent of the merchandise. Respondent informed appellants of his willingness to deliver and sought additional time and assurance of payment. Although appellants were obligated to make those items available to respondents in the first place, appellants failed to comply with respondent's request. Hence, the trial court correctly ruled that appellants should return this money to respondent.

As the judgment is in all other respects proper, it should be, for the foregoing reasons, modified, without costs by reducing the amount thereof to the sum of $48,501.58, plus interest and costs allowed by the trial court.

Settle order on notice.

Peck, P. J., Dore, Cohn, Callahan and Bergan, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice. [See 283 App. Div. 656, 871.]