CENTRAL RAILROAD GARAGE CORP., Respondent, *v.* EASTERN TRANSPORTATION COMPANY, INC., Appellant.

*Per Curiam.* The action is to recover three months' rent under a twenty-one-year lease. Defendant tenant relies on a notice of cancellation conditioned on its inability to obtain possession of the premises from the statutory tenant within a year. Its proof showed that it could have obtained possession if only it had applied for a final warrant from the Municipal Court during a three-week period immediately preceding the giving of notice of cancellation. Its excuse for not doing so is that it was not aware that the court had made an order denying a motion made and vacating a stay obtained by the statutory tenant. It did not make inquiry because it assumed that the Justice of the court, who was on vacation, would not decide the case until argument, as requested by the statutory tenant, had been had. Whatever moral excuse this may provide defendant, if it does, this cannot cut down the rights of plaintiff landlord, who was not a party to the possessory proceeding against the statutory tenant, and had a right to rely on tenant taking every step and availing itself of every precaution in procuring the removal of the statutory tenant. In exercising its right to cancel and destroy a twenty-one-year obligation, it had to do more than rely on reasonable inference, when a check at the office of a local court on the date of cancellation would have revealed that the right to cancel did not exist. Any other view would encourage one in a status like that of defendant to drag his heels in the performance of an obligation once he had lost interest in obtaining possession of the premises. As a matter of fact, in the instant case it is patent that the statutory tenant in his resistance to dispossession was quite at the end of his tether, no matter what stay he desperately obtained on ex parte application.

We note that defendant does not face a twenty-one-year obligation to pay rent without consideration. He may either use the premises for the purposes he originally sought them, or he may sublet them. The premises are still occupied by the statutory tenant, who for the period of this litigation has had no willing landlord to whom to pay rent.

The determination appealed from should be affirmed, with costs.

DORE, J. (dissenting). Plaintiff, landlord and fee owner of the premises in question, sued to recover rent alleged to be accrued and due from defendant as lessee under a twenty-one-year lease and, accordingly, the landlord had the burden of proof. The facts establish, as indicated in the opinion of Mr. Justice BENNETT, who tried the case in the Municipal Court, that on August 8, 1952, when defendant lessee gave the notice of cancellation, it was unaware of the decision of the same Justice of the Municipal Court on July 19, 1952, denying the statutory tenant in possession a further stay. Under the letter agreement if the lessee was unsuccessful in obtaining possession, either the lessee or the landlord was required to give at least fifteen days' registered written notice of cancellation prior to September 1. 1952. Accordingly, the notice had to be given by August 17, 1952. Concededly the lessee gave the notice on August 8, 1952.

Plaintiff has failed to meet its burden of proof to show that had defendant lessee attempted in the concededly short time available to procure and execute a warrant of eviction after July 19, 1952, that it would have been successful before August 17, 1952, the last day that the fifteen-day notice could have been given before the expiration date, September 1, 1952.

This record also shows that the same vigorously active statutory tenant, on belatedly learning of the denial of the prior stay by Justice BENNETT, procured another order to show cause from Justice BENNETT containing another interim stay against the lessee. That interim stay was not vacated until September 4, 1952, over two weeks too late for the lessee to exercise any right of cancellation under the terms of the agreement. These facts are not denied either by the fee landlord or in the majority opinion herein. The state of facts revealed clearly justified defendant's action on August 8, 1952.

Defendant should not have been held liable without proper demonstration by plaintiff that had defendant sought to enforce the final order, it would have met with no resistance by the statutory tenant and it could have been enforced before the fifteen days' required notice. In the absence of such proof, and there is none, the determination that defendant had succeeded in obtaining possession either legal or actual at the time the notice was sent, is without support in the record.

Plaintiff in its bill of particulars contended that defendant lessee was in "legal" possession of the premises. The only reasonable ground on which the lessee could procure possession of the commercial property against a statutory tenant physically in possession was the necessity for obtaining such possession for the lessee's immediate and personal use (Commercial Rent Law [L. 1945, ch. 3, as amd.], § 8, subd. [d], par. [2]), and that was the only ground on which the lessee moved. The statutory tenant on the other hand plausibly urged in his application for the final interim stay that it and its undertenant had been in possession of the premises since 1941; that it would be an undue hardship if they were forced to vacate and it would take considerable time to remove all the property of the tenant and undertenant to another location; that the landlord lessee would not be prejudiced by a further stay of *three months* and that such three months was a comparatively short time in which to remove their property. As above indicated, in the order to show cause issued on the basis of that application, another interim stay was thereupon granted and not vacated until September 4, 1952. Accordingly, actual physical possession was contemplated by the parties when they entered into the lease and the letter agreement.

Especially important are the matters above referred to when we consider the consequence of what has happened up to date; viz., that the lessee tenant never in possession and enjoyment of the garage and storage warehouse is, up to now, compelled for twenty-one years to pay the rent therefor under the lease, while the statutory tenant, still in possession and enjoyment of the premises is paying nothing.

Accordingly, we dissent and vote to reverse the determination appealed from, affirming in favor of plaintiff landlord a judgment in the sum of $3,104.36, and to dismiss the complaint, with costs in all courts to defendant-appellant.

Peck, P. J., Breitel and Bastow, JJ., concur in *Per Curiam* opinion; Dore, J., dissents and votes to reverse, in opinion, in which Cohn, J., concurs.

Determination affirmed, with costs to the respondent. [See 283 App. Div. 656.]