■

DOROTHY COOPER, an Infant, by MURRAY COOPER, Her Guardian ad Litem, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Present — Peck, P. J., Dore, Cohn, Callahan and Botein, JJ. [See 282 App. Div. 1012.]

■

CENTRAL RAILROAD GARAGE CORP. v. EASTERN TRANSPORTATION COMPANY, INC.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ. [See 282 App. Div. 1031.]

■

TOZAI KOEKI KAISHA, LTD., Appellant, v. TRANS-AMERICA INDUSTRIES, INC., et al., Defendants, and UNEX CREDIT CORPORATION, Respondent.— Motion for reargument denied, with $10 costs. Present — Peck, P. J., Glennon, Cohn, Breitel and Bastow, JJ. [See 282 App. Div. 872.]

■

TOZAI KOEKI KAISHA, LTD., Respondent, v. TRANS-AMERICA INDUSTRIES, INC., et al., Defendants, and UNEX CREDIT CORPORATION, Appellant.— Motion for reargument denied, with $10 costs. Present — Peck, P. J., Dore, Callahan, Breitel and Bastow, JJ. [See 282 App. Div. 872.]

■

RUDOLPH WEISS, Doing Business under the Name of BEVERLY PHARMACY, v. IRVING MAIDMAN, Doing Business as BEVERLY HOTEL.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Present — Cohn, J. P., Breitel, Bastow, Botein and Bergan, JJ. [See 282 App. Div. 935.]

■

HUGH K. BENNETT, Appellant, v. SHAMUEL SHAMILZADEH, Respondent and Third-Party Plaintiff-Respondent. HUGH K. BENNETT et al., Third-Party Defendants-Appellants.— Motion granted to the extent of directing resettlement of order upon notice so as to provide for the dismissal of the counterclaims interposed by appellants. Submit order. Present — Peck, P. J., Dore, Cohn, Callahan and Bergan, JJ. [See 282 App. Div. 1029.]

■

## (January 26, 1954.)

■

MAXWELL M. ALEXANDER, Respondent, v. A. R. Z. CORP. et al., Appellants.— The appointment of a receiver of the defendant corporation was neither necessary nor provident. The assurance given by counsel for defendant Rothman in open court that Rothman has no intention of foreclosing the mortgage and would not do so pending the trial of this action removes any fear of loss of the corporation's property pending a determination of the merits of the controversy between the parties. The interest of the parties can best be served and protected by an early trial of the action, which can readily be arranged at Special Term. Order unanimously reversed, with one bill of $20 costs and disbursements to the appellants, and the motion denied upon condition that the defendant Rothman